UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRECTV, INC, <br><br>　　　　Plaintiff, <br><br>　v. <br><br>CAREY MANSON, <br><br>　　　　Defendant. <br>_____/ | No. C 03-2147 SBA  (JL) <br><br>**REPORT AND RECOMMENDATION RE: PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT MANSON (DOCKET # 39)** |

**Introduction**

Before the Court is the motion of Plaintiff DirecTV, Inc. ("DirecTV")    for default judgment against Defendant Carey Manson. This Court hereby recommends that judgment be entered in the amount of $1,000 for statutory damages and $1,641.67 for attorneys' fees, for a total of $2,641.67.

**Background**

Plaintiff DirecTV is a direct broadcast satellite system which delivers television programming to more than 10 million homes and businesses in the United States.  On May 7, 2003 DirecTV filed this action against Carey Manson, Marshall Booth, III, and Jess Gonzalez alleging violations of the Federal Communications Act of 1934, 47 U.S.C. §605 and the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521.  DirecTV alleged that Defendant Carey Manson purchased and used one or more illegally modified devices

designed to permit viewing of DirecTV's television programming without authorization by or payment to DirecTV. Defendant Jess Gonzalez was dismissed from the case by DirecTV and Defendant Marshall Booth, III was dismissed from the case as improperly joined pursuant to Judge Ware's 2004 Order Regarding Limited Assignment to Determine Issues Regarding Joinder of Defendants and Showing Needed to Establish a *Prima Facie* Case under Statutory Claims ("Judge Ware's Order"). The complaint was served on Defendant Carey Manson on September 14, 2003. After Defendant failed to respond, the Clerk of this court entered default on November 12, 2003. On October 21, 2004, DirecTV filed a motion for default judgment against Defendant Carey Manson. On November 12, 2004 Judge Saundra Brown Armstrong referred the matter to this Court for a Report and Recommendation pursuant to Local Rule 72 and 28 U.S.C. §636(b) regarding Plaintiff's motion for default judgment and attorneys' fees.

## Standards

Plaintiff moves for default judgment on the basis of Rule 55 of the Federal Rules of Civil Procedure ("FRCP 55"). A court may not enter default judgment against an unrepresented minor, a person in the military, or an incompetent person. *See* Fed. R. Civ. Pro. 55(b)(2). Defendant Carey Manson does not fall into any of these categories. (Shah Decl ¶ 8). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977)(citing *Pope v. United States,* 323 U.S. 1, 12, (1944)). Federal Rule of Civil Procedure 54(c) ("FRCP 54(c)") advises that "[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." In exercising its discretion to grant default judgment, the court may consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

## Discussion

DirecTV alleges that Defendant Carey Manson possessed an illegally modified device and used that device to receive DirecTV's satellite transmissions without permission. That is enough to establish liability under both §2520 and §605(a). The primary issue in this motion for default judgment is the amount of damages DirecTV should receive. In its motion for default judgment, DirecTV requests an award of statutory damages of $20,000 – $10,000 per violation – pursuant to §2520(c)(2). However, in Plaintiff's prayer for relief DirecTV specifies that in the event of default judgment it requests an award of statutory damages "for each Pirate Access Device imported into the United States in violation of 47 U.S.C. §605(e)(4) . . . ." (Compl. at 8.)

This presents a problem for the Court. In the event of default judgment, FRCP 55(c) only permits the Court to award damages prayed for in the complaint. The language used by DirecTV in the complaint, although somewhat ambiguous, as will be discussed below, appears to ask for damages under §605 in the event of default. Nevertheless, in its motion for default judgment DirecTV now requests default judgment under §2520.[1]

Because of the ambiguity in Plaintiff's papers, the Court can decide this case in several ways. The Court can hold Plaintiff to the language in the complaint and DENY the motion for default judgment on the ground that it requests relief not prayed for in the complaint.[2] This would be consistent with FRCP 55(c) which requires the Court to limit damages to the kind and amount of relief prayed for in the demand for judgment. In the alternative, the Court could GRANT plaintiff's motion for default judgment by either

---

[1] DirecTV likely now requests damages under §2520 because that provision would entitle it to a higher damage award. Under §2520 DirecTV is entitled to statutory damages of at least $10,000, although the court may exercise its discretion and refuse to award damages. On the other hand, a violation of §605(a) can result in an award of between $1,000 and $10,000.

[2] Should the Court feel inclined to adopt this approach it should be aware that the complaint asks for damages pursuant to §605 in the event of default but goes on to request damages pursuant to §2520 in the event of the trial.

(1) construing the complaint as requesting damages pursuant to §2520 or (2) overlooking the inconsistency between the motion for default judgment and the relief prayed for in the complaint and awarding damages based on the relief prayed for in the complaint.

The first approach, construing the complaint as requesting damages pursuant to §2520, is difficult because of the way Plaintiff framed the prayer for relief. As mentioned above, FRCP 54(c) requires the Court to limit a default judgment award to the kind and amount of damages prayed for in the complaint. Plaintiff's complaint in this case asks for one form of relief in the event of default and another in the event of trial. Specifically the prayer for relief reads in part:

> "(3) In the event of a default, an award of statutory damages of $10,000 for each Pirate Access Device imported into the United States in violation of 47 U.S.C. § 605(e)(4), and a further award of DirecTV's reasonable attorneys' fees and costs of suit."
>
> "(4) In the event of trial, an award of either (a) statutory damages in accordance with 47 U.S.C. § 605(e)(3)(C)(i)(II) and 18 U.S.C. § 2520(c)(2), or (b) compensatory and punitive damages in accordance with 605(e)(3)(C)(i)(I), 18 U.S.C. § 2520(c)(2), and California common law; and DirecTV's reasonable attorneys' fees and costs in accordance with 47 U.S.C. §605(e)(3)(B)(iii), and 18 U.S.C. § 2520(b)(3).

Plaintiff chose to frame the prayer for relief in a way that requests one type of damages in the event of default and another type of damages in the event of trial. Plaintiff should not now be able to ask this Court for relief different from that requested in the complaint. Rule 54(c) is designed to ensure fairness. A defendant may have chosen to allow default judgment based on the form of relief prayed for in the complaint. *See* Schwarzer et. al., *Federal Civil Procedure Before Trial*, p. 6:31. "It would be fundamentally unfair to have the complaint lead defendant to believe that only a certain type and dimension of relief was being sought and then, should he attempt to limit the scope and size of the potential judgment against him by not appearing or otherwise defaulting, allow the court to give a different type of relief or a larger demand award." 10 Wright & Miller, *Federal Practice and Procedure*, § 2663 at p. 99. In this case, because of the way Plaintiff chose to word the complaint, the Court cannot award damages under §2520 as Plaintiff now requests. To do so would violate Rule 54(c) and would be unfair to Defendant.

Because the complaint specifies the type of relief requested in the event of default judgment the Court should limit itself to what Plaintiff prayed for. Following this approach the Court could decide to award default judgment pursuant to §605(a). This would ignore the argument contained in the motion for default judgment, as it centers exclusively on damages under §2520, but it would allow the Court to award default judgment in this case.

Should the Court decide to award damages under §605, there is another potential problem. The prayer for damages in the complaint in the event of default judgment is unclear. Plaintiff asks for "an award of statutory damages of $10,000 for each Pirate Access Device imported into the United States in violation of 47 U.S.C. §605(e)(4), and a further award of DirecTV's reasonable attorneys' fees and cost of suit." (Compl. at 8.) It is difficult to discern from this whether Plaintiff is asking for an award of damages for a violation of §605(e)(4) or whether Plaintiff is asking for damages for a violation of §605(a). If DirecTV seeks damages under §605(e)(4), it is not entitled to judgment because it has not alleged facts supporting a violation of §605(e)(4). Section 605(e)(4) is directed at manufacturers and sellers of illegally modified devices, not individual users. *DirecTV, Inc. v. Getchel*, 2004 U.S. Dist. LEXIS 9678, *9-*11 (D. Conn. 2004). There is no allegation in the complaint that Defendant manufactured or sold the devices. On the other hand, if the prayer is a request for damages under §605(a) generally, Plaintiff has pleaded facts supporting a violation of that provision and the Court has discretion to award damages for the violation.

Construing the language of the complaint in favor of Plaintiff, the Court should exercise its discretion to read the prayer for relief as requesting damages under §605(a). The Court should then award damages to DirecTV under the guidelines contained in §605(e)(3)(C)(i)(II). This provision allows the Court to award damages from $1,000 to $10,000 for each violation of §605(a).

A. <u>Damages</u>

In determining the appropriate damages under §605 the Court has discretion to award a minimum of $1,000 and a maximum of $10,000 per violation. 47 U.S.C. §605(e)(3)(C)(i)(II). Factors to consider include (1) whether defendant profited as a result of his violation; (2) whether defendant assisted or induced others in violating the statute; (3) whether defendant's violation was wilful or flagrant; (4) whether the damage award will be sufficient to deter similar conduct; and (5) whether the damage award is comparable to awards in similar cases. *DirecTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1130 (M.D. Ala. 2004).

In this case there is no allegation that Defendant realized any financial gain from the illegal interception of DirecTV's signal, other than free access to DirecTV's programming. There is no claim that Defendant used the device commercially or that he purchased the device for resale. However, by virtue of default Defendant has admitted that he knowingly violated the statute and that he assisted others in violating it.

In its complaint, DirecTV asks the Court to award the maximum statutory penalty of $10,000. Furthermore, DirecTV asks the Court to assess that penalty for each device possessed by plaintiff. This would result in a total award of $20,000. DirecTV again requests an award of $20,000 in its motion for default judgment, although, as discussed above, DirecTV requests the award under §2520. DirecTV seeks to justify an award of $20,000 by arguing that "an individual using one modified Access Card has access to over a million dollars worth of programming services annually." (Pl.'s Mot. Default J. at 6.) DirecTV goes on to assign a value of "well over $150,000 annually" to the subscription and movies viewed only once.

Perhaps recognizing that an award of over $1,000,000 dollars, or even of $150,000, is unlikely in this case, given that the Court is presented with a situation in which one individual illegally accessed DirecTV's signal for private purposes, DirecTV also calculates the value of programming purchased by the typical DirecTV high-end legitimate user.[3] Using this method

---

[3] DirecTV assumes that "the typical user of a modified Access Card or other Pirate Access Device would view at least the same amount of programming as the typical high-end paying customer."

1  of calculation, DirecTV assesses its actual damages at $204.56 per month. This is the
2  average monthly charge to a DirecTV high-end customer.  DirecTV points out that Defendant
3  could have had access to DirecTV programming for nearly four years before DirecTV
4  changed its signal so that devices like that used by Defendant would no longer work.
5  However, other than the unsupported allegations contained in Plaintiff's motion for default
6  judgment, there is no evidence of the amount of Defendant's actual use.  Defendant may or
7  may not have used a device to illegally access Plaintiff's programming for nearly four years.
8  Plaintiff's blanket assumption that Defendant would have viewed approximately the same
9  amount of programming as a high-end user is similarly unsupported.  The record contains no
10 evidence concerning the amount of DirecTV services Defendant actually consumed.  The
11 Court cannot calculate a damages award based on some theoretical value of services
12 Defendant may have consumed over some uncertain length of time.  Furthermore, under
13 §605(e)(3)(C)(I) the aggrieved party is free to elect statutory or actual damages.  DirecTV
14 requests an award of statutory damages in both its motion for default judgment and in its
15 prayer for relief.  The Court must abide by Plaintiff's choice and award statutory damages in
16 this case.

17    Nevertheless, this *per diem* approach to calculating actual damages is instructive, at
18 least insofar as it demonstrates that Plaintiff's request for statutory damages in the amount of
19 $20,000 is unwarranted.  An award of $20,000 seems excessive in this case, especially since
20 Plaintiff concedes that actual damages could not exceed $9,205.20 ($206.56 times 45
21 months).  Furthermore, it is not clear that DirecTV is entitled to statutory damages for each
22 device purchased.  The complaint alleges only one violation of §605(a).

23    In *DirecTV v. Huynh*, 318 F. Supp. 2d 1122, the court was confronted with a similar
24 situation.  In that case DirecTV alleged a violation of §605(a) and requested default judgment
25 as a result of that violation.  DirecTV argued that it was entitled to damages for each of three
26 access devices possessed by Defendant.  The court held that Defendant violated §605(a)
27 because he admitted, as a result of his default, that he did so.  However the court refused to
28 find that his admission that he possessed three access devices amounted to three violations

of §605(a). The court reasoned that possession of the device alone does not amount to a violation of the statute. In order to violate §605(a) "a plaintiff must prove that the defendant received or assisted another in receiving an interstate communication." *Id*. at 1131. Other courts have imposed liability under §605 for each device that was "purchased and installed." *Cmty. Tv. Sys. v. Caruso*, 284 F.3d 430, 435 (2d Cir. 2002); *DirecTV, Inc. v. Hamilton*, 215 F.R.D. 460, 462 (S.D.N.Y. 2003)(awarding $2,000 damages under §605 where one defendant purchased two access devices); *DirecTV, Inc. v. Perrier*, 2004 U.S. Dist. LEXIS 9258 (W.D.N.Y. 2004)(awarding $2,000 damages under §605 where one defendant purchased two access devices). However, the court in each of those cases did not consider whether the complaint actually alleged more than one violation of §605(a). They assumed that the purchase of two devices equals two violations of the statute. This reasoning is unpersuasive given the discussion in *Huynh*. Following *Huynh*, and looking carefully at the language contained in the complaint, the Court should find only one violation of §605(a).

Although the Court should find only one violation of §605(a), we are still left to determine the appropriate damages for Defendant's admitted violation of that statute. Presented with similar factual situations many courts have used their discretion and declined to award DirecTV the maximum amount permitted under §605(e)(3)(C)(i)(II). *DirecTV v. Kaas*, 294 F. Supp. 2d 1044 (N.D. Iowa 2003)(awarding statutory minimum of $1,000 for possession of one pirate access device); *DirecTV, Inc. v. Albright*, 2003 U.S. Dist. LEXIS 23811 (E.D. Pa. 2003)(awarding statutory damages in the amount of $1,000). These courts reason that plaintiff failed to proffer justification for an award greater than the statutory minimum. Furthermore, some courts reason that the purpose of deterrence is served by an amount less than the maximum award permitted under the statute. This Court should follow their lead. Given that there is no evidence that Plaintiff used the device for any specified length of time and given that the purpose of deterrence is served by a lower amount, this Court should follow the trend and recommend an award of the statutory minimum of $1,000.

B. Attorneys Fees and Costs

1   An award of attorneys fees is mandatory under §605(e)(3)(B). Therefore, Plaintiff's request for an award of attorneys fees and costs should be granted. In the motion for default judgment Plaintiff requests $2,858.17 in fees. This number is different from the amount Plaintiff requests in its declaration in support of its motion for default judgment. In the declaration Plaintiff requests $1,131.67 in attorneys fees plus an additional $510.00 for the two hours it took Plaintiff's attorney to prepare the default judgment motion. The declaration also requests $1,020.00 for the four hours Plaintiff's attorneys estimate they would spend traveling to and participating in the hearing on this motion. However, as there was no hearing on this motion this amount should be denied. According to Plaintiff's calculations in its declaration in support of its motion for default judgment, Plaintiff should receive attorney's fees in the amount of $1,641.67.

## Conclusion

An award of $1,000 in statutory damages plus attorneys' fees in the amount of $1,641.67 will compensate Plaintiff for its trouble in pursuing this matter and will serve as an adequate deterrent.

DATED: February 16, 2005

**/s/ James Larson**
_____
JAMES LARSON
United States Magistrate Judge